1

2

3

4

5

6              **UNITED STATES DISTRICT COURT**

7                     **DISTRICT OF NEVADA**

8  ROBERT G. GALLAGHER, a/k/a BOBBY        )        3:07-cv-00223-BES-RAM
   FREEMAN, BETTY FRANKLIN, CARL W.        )
9  MARTIN and JOHN FALCONI,                )
                                           )
10            Plaintiffs,                   )                **ORDER**
                                           )
11       v.                                 )
                                           )
12 RICHARD S. LONG, CYNTHIA A. LONG,        )
   RICHARD S. LONG as Trustee for the       )
13 RICHARD S. and CYNTHIA A. LONG           )
   TRUST, LGF ENTERPRISES, LLC, and         )
14 Does 1 through 10,                       )
                                           )
15            Defendants.                   )
   _____ )
16

17       Currently before the Court is Defendants Richard S. Long, Cynthia A. Long, Richard S.

18 Long as Trustee for the Richard S. and Cynthia A. Long Trust, and LGF Enterprises, LLC's

19 (collectively referred to herein as the "Longs") Motion to Dismiss First Amended Complaint

20 (#30), filed on November 1, 2007.  The Court has also considered Plaintiffs Robert G.

21 Gallagher, Betty Franklin, Carl W. Martin and John Falconi's Opposition to Motion to Dismiss

22 First Amended Complaint (#41), filed November 20,  2007, and the  Reply (#45), filed on

23 December 3, 2007.

                              **I. BACKGROUND**
24
          On November 17, 2006, a Complaint for Declaratory Judgment and Specific
25
   Performance was filed in the Court of Chancery of the State of Delaware by Richard S. Long,
26
   as trustee for the Richard S. and Cynthia A. Long Trust and LGF Enterprises, LLC against
27
28 ////

Robert G. Gallagher ("Gallagher") and Betty Franklin ("Franklin").[1]  In that complaint, the Longs sought an order from the Delaware court declaring that (i) various contracts between the parties were valid and legally binding documents, and (ii) an award of specific performance of those agreements.  (Notice of Filing Exemplified Copy of Foreign Judgment (#44)).  On December 12, 2006, Gallagher and Franklin filed an Answer and Counterclaim in the Delaware action.  (Defendants' Request for Judicial Notice (#31) at Exhibit C).  In their Counterclaim, Gallagher and Franklin brought eight causes of action all relating to the underlying business transaction.  These claims included: (1) reformation of contract based on fraud, (2) conversion, (3) breach of the implied covenant of good faith and fair dealing, (4) breach of fiduciary duty, (5) intentional interference with prospective economic advantage, (6) rescission of contract, (7) breach of contract, and (8) fraud.

While the Delaware action was pending, Gallagher and Franklin, along with Carl W. Martin and John Falconi, filed a Complaint in this Court for breach of contract and abuse of process against the Longs.  (Complaint (#1)).  The Complaint was based on an alleged agreement the parties entered into during the course of the Delaware action to settle the case. According to the Complaint, an offer was made on behalf of the Longs for Gallagher and Franklin to buy out the Longs' interest in LGF Enterprises, LLC.  Gallagher and Franklin stated that they accepted that offer and that an enforceable contract was created.  However, the Delaware action did not settle and the buy out did not occur.

On July 25, 2007, the Delaware court entered a Revised Final Judgment and Order in the case pending before it.  (Notice of Filing Exemplified Copy of Foreign Judgment (#44)). That order held Gallagher and Franklin in civil contempt and entered final judgment in favor of the Longs.  Specifically, the order stated that "[f]or the reasons set forth above, as well as the reasons stated in open court on July 19, 2007, which are incorporated herein by

---

[1]  The Delaware case involved a dispute that arose from an underlying business transaction between the parties.  That transaction involved the ownership interest in certain assets known as "Dr. Nick's Memories of Elvis."  These assets originally came from Dr. George Nichopoulos who had served as Elvis Presley's personal physician for several years prior to Mr. Presley's death.  (First Amended Complaint (#28) at p. 3).

reference," Gallagher and Franklin "are adjudged in civil contempt of the Court's Orders of May 10, 2007." Id.  In that court's hearing of July 19, 2007, which it incorporated by reference into its order, the court expressly stated that the case had not settled.  In that hearing, the court stated: "I may wish more than anybody involved, maybe not more than anyone, but right up there, that this were settled."  (Defendants' Request for Judicial Notice (#32) at Exhibit H). However, the court noted that "the case has not settled.  There has been no stay of the case." (Notice of Filing Exemplified Copy of Foreign Judgment (#44)).   In the Delaware court's final order, the court stated that given Gallagher and Franklin's "repeated contumacious disregard of the Orders of this Court and wilful and bad faith disregard of the processes of this Court, the following relief is necessary and proper." Id.  The court then granted final judgment on the merits in favor of the Longs.

Following the entry of that order, on September 13, 2007, Gallagher and Franklin filed an appeal with the Delaware Supreme Court.  In their appeal, Gallagher and Franklin argued that their "contempt should be excused and expunged, the judgment which is based upon such contempt should be reversed, and the case should be remanded for a full and fair trial." (Defendants' Request for Judicial Notice (#34) at Exhibit I).  Notably, Gallagher and Franklin did not argue that the case had settled.  Rather, they repeatedly requested that the case be remanded for a full trial on the merits. Id.

In the meantime, the case before this Court proceeded.  On October 12, 2007, Gallagher, Franklin, Martin and Falconi (collectively the "Gallagher Plaintiffs") filed a First Amended Complaint (#28).  The First Amended Complaint listed eleven causes of action.  In addition to the original breach of contract and abuse of process claims, the First Amended Complaint listed nine new causes of action which all centered around both the business transaction involved in the Delaware suit, as well as the alleged settlement of that case. Following the filing of this First Amended Complaint, the Longs filed a Motion to Dismiss First Amended Complaint (#30) pursuant to the doctrine of res judicata and collateral estoppel based on the preclusive effect of the Delaware court's final order.

///

1

## II.  LEGAL STANDARD

2       The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency

3   of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule

4   12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or

5   the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica

6   Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material

7   allegations in the complaint as well as all reasonable inferences that may be drawn from such

8   allegations.  LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also

9   construe the allegations of the complaint in the light most favorable to the nonmoving party.

10  Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).  The Court may only grant a

11  motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief

12  under any set of facts that could be proven under the allegations of the complaint.  Cahill v.

13  Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

14      Although a court's review on a 12(b)(6) motion to dismiss is generally "limited to the

15  contents of the complaint," the court may also consider documents attached to the complaint,

16  documents incorporated by reference in the complaint, or matters of judicial notice without

17  converting the motion into a motion for summary judgment. See Durning v. First Boston Corp.,

18  815 F.2d 1265, 1267 (9th Cir. 1987).  Specifically, a court may "take judicial notice of 'matters

19  of public record'" when considering a motion to dismiss.  Intri-Plex Technologies, Inc. v. Crest

20  Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007).  Matters of public record include state court

21  pleadings and state court orders. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir.

22  2003)("Materials from a proceeding in another tribunal are appropriate for judicial notice.")

23  Thus, for purposes of determining this motion, the Court will take judicial notice of the

24  pleadings and orders filed in the Delaware action.

## III.  ANALYSIS

26      The Longs have filed a motion to dismiss based on the doctrine of res judicata and

27  collateral estoppel. (Motion to Dismiss First Amended Complaint (#30) at p. 4).  According to

28  the Longs, the Delaware judgment "both explicitly and implicitly rejected the claims" made in

the First Amended Complaint filed in this Court. Id. at p. 2. The Longs argue that the Gallagher Plaintiffs are "now attempting to bring into this forum all of the allegations and causes of action previously brought forth by, and decided against," them in the Delaware case. Id. at p. 3. In this regard, the Longs state that in the First Amended Complaint, "Plaintiffs have alleged the same common nucleus of operative facts that formed the basis of the Gallagher/Franklin appearance in the Delaware Action." Id. Further, the Longs argue that "the common nucleus of operative facts on which both pleadings are based remains virtually identical." Id. Finally, the Longs argue that because Gallagher and Franklin did not argue in their appeal of the Delaware action that such case had allegedly settled, "if [that] case is remanded to Delaware Chancery Court, Plaintiffs would be simultaneously seeking to enforce a settlement agreement in this court, while the Delaware Court will be hearing the claims and counterclaims allegedly settled thereby." Id. at 17.

In response, the Gallagher Plaintiffs state that they filed the current lawsuit in Nevada "to address the broken promises, sharp business practices and outrageously fraudulent litigation tactics of Defendants ('Long')." (Opposition to Motion to Dismiss (#41) at p. 1). Specifically, the Gallagher Plaintiffs claim that "[t]he essence of this action is Long's failure to keep his word after he agreed, in writing, that he would dismiss the Delaware action and would accept a 'buy-out' in the amount of $1,625,000 in cash." Id. at p. 2. In addition, the Gallagher Plaintiffs state that their case involves "fraud, abuse of the court's process and related causes of action relating to the initiation, conduct and maintenance of the Delaware action." Id.

"The Full Faith and Credit Act mandates that the 'judicial proceedings' of any State 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367, 373 (1996)(quoting 28 U.S.C. § 1738). "The Act thus directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state." Id. As such, "[t]he 'full faith and credit' statute compels federal courts to give collateral estoppel and res judicata effects to the judgments of state courts." Engquist v. Oregon Dept. Of Agriculture, 478 F.3d 985, 1007 (9th Cir. 2007).

5

1    The doctrine of res judicata "provides that a final judgment on the merits bars further

2    claims by parties or their privies based on the same cause of action."  Tahoe Sierra

3    Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1076 (9th Cir.

4    2003)(internal quotations omitted).  According to the Ninth Circuit, "[t]he application of this

5    doctrine is central to the purpose for which civil courts have been established, the conclusive

6    resolution of disputes within their jurisdiction."  Id.  Moreover, the rule serves the purpose of

7    conserving judicial resources, minimizing the possibility of inconsistent decisions, and

8    protecting parties against being harassed by repetitive actions.  Id.  Thus, "[u]nder res judicata,

9    a final judgment on the merits of an action precludes the parties or their privies from relitigating

10   issues that were or could have been raised in that action."  Holcombe v. Hosmer, 477 F.3d

11   1094, 1097 (9th Cir. 2007)( "Claim preclusion is a broad doctrine that bars bringing claims that

12   were previously litigated as well as some claims that were never before adjudicated." )

13   "To determine the preclusive effect of a state court judgment, federal courts look to

14   state law."  Intri-Plex Technologies, 499 F.3d at 1052.  Accordingly, this Court applies

15   Delaware law to determine the preclusive effect of the Delaware judgment.  In Delaware, a

16   claim is barred by res judicata if: (1) the court that adjudicated the prior action had jurisdiction

17   to do so; (2) the parties to the subsequent action are the same as (or privies to those in) the

18   prior action; (3) the causes of action in both cases are the same or the subsequent action

19   arises from the same transaction that formed the basis of the prior action; (4) the merits in the

20   prior action were decided adversely to the contentions of the plaintiff; and (5) the prior action

21   was final.  Maldonado v. Flynn, 417 A.2d 378, 381 (Del.Ch. 1980).  Applying the foregoing

22   elements to this case, it is clear that the judgment by the Delaware court bars litigation of the

23   claims pending before this Court under the doctrine of res judicata.

24   First, the Delaware court had jurisdiction to adjudicate the matter before it.  The

25   Gallagher Plaintiffs argue in their Opposition that because the Delaware Chancery Court is a

26   court of equity it did not have "jurisdiction to hear or determine matters at common law."

27   (Opposition to Motion to Dismiss First Amended Complaint (#41) at p. 5).  However, under

28   Delaware law, "once a right to relief in Chancery has been determined to exist, the powers of

6

the Court are broad and the means flexible to shape and adjust the precise relief to be granted so as to enforce particular rights and liabilities legitimately connected with the subject matter of the action." Wilmont Homes, Inc. v. Weiler, 202 A.2d 576, 580 (Del. 1964). Thus, according to that court, "when equity obtains jurisdiction over some portion of the controversy it will decide the whole controversy and give complete and final relief, even though that involves the grant of a purely law remedy such as a money judgment." Id. As such, the Delaware court had jurisdiction over the claims at issue before it including any claims seeking a legal remedy.

In addition, aside from Plaintiff Falconi, the parties in this action are the same as the prior action.[2] The Longs argue that res judicata bars Falconi's claims because he is in privity with Gallagher and Franklin. Specifically, the Longs state that Falconi's interest in the claims "all arise from the alleged settlement agreement" in the Delaware action. (Motion to Dismiss First Amended Complaint (#30) at p. 22). In response, Gallagher and Franklin argue that Falconi's claims should not be barred because he was "not even remotely involved with the court in Delaware." (Opposition to Motion to Dismiss First Amended Complaint (#41) at p. 6). Further, Gallagher and Franklin argue that barring Falconi's claims "would do nothing other than punish [Falconi] for Gallagher's mistakes." Id.

Delaware law does not require that the parties be identical in order for res judicata to apply. AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2nd Cir. 2003). Res judicata will bar a claim as long as the parties are in privity. Id. The Delaware Supreme Court has defined privity as "the relationship between a party to a suit and a person who was not a party but whose interest in the action was such that he will be bound by the final judgment as if he or she were a party." Bradley v. Division of Child Support Enforcement ex rel. Patterson, 582 A.2d 478, 480 (Del. 1990). As such, under Delaware law, the test of privity is whether there is a "close or significant relationship between successive defendants." Goel

---

[2] On February 1, 2008, Carl W. Martin filed a Notice of Dismissal Pursuant to FRCP 41(a)(1)(i) in which he voluntarily dismissed the Complaint in this matter against all of the Defendants. (Notice of Voluntary Dismissal by Plaintiff Carl W. Martin (#50)).

<u>v. Heller</u>, 667 F.Supp. 144, 150 (D.N.J. 1987).   In this case, it is clear that Falconi is in privity with Gallagher and Franklin for purposes of res judicata.  Falconi's involvement was to provide funds for the alleged settlement agreement of the Delaware action.  (First Amended Complaint (#28) at p. 8).  Further, the First Amended Complaint alleges that Falconi was an "intended third party beneficiary" of that alleged agreement and became a party when he was "asked to verify funds and execute mutual releases."  <u>Id.</u> at p. 11.  As such, based on the allegations of the First Amended Complaint, Falconi's only claims against the Longs in this matter relate to the alleged settlement agreement of the Delaware lawsuit.  As a result, Falconi had a close and significant relationship with Franklin and Gallagher in relation to the Delaware case sufficient to conclude that they were in privity for purposes of this case.

In addition to the fact that the parties are in privity with each other, several of the causes of action in this case are the same as the causes of action alleged in the Delaware action.  In addition, all of the causes of action in this case arise from the same transaction that formed the basis of the Delaware action.

Delaware follows the transaction view under the doctrine of res judicata.  <u>Maldonado v. Flynn</u>, 417 A.2d 378, 381 (Del.Ch. 1980).  Under that view, res judicata may be invoked to bar litigation "if the claims in the later litigation arose from the same transaction that formed the basis of the prior adjudication."  <u>Id.</u>  According to that court, the determination of whether the doctrine shall be invoked is "based on the underlying transaction and not on the substantive legal theories or types of relief which are sought."  <u>Id.</u>

According to Gallagher and Franklin's Opposition, this case involves the Longs' refusal to settle the Delaware action after the Longs made a buy-out offer, as well as other causes of action "relating to the initiation, conduct and maintenance of the Delaware action."  (Opposition to Motion to Dismiss First Amended Complaint (#41) at p. 2).  Gallagher and Franklin argue that "[t]he claims brought in this action are different from the claims brought in the Delaware action because the facts which underlie the claims occurred after the Delaware suit was at issue."  (Opposition to Motion to Dismiss (#41) at p. 5).  However, a review of the First Amended Complaint reveals that all of the causes of action arose from either the underlying

1  business transaction which was at the heart of the Delaware case, or the alleged failure of the

2  Longs to settle the Delaware case.  Moreover, the fact that some of the causes of action arose

3  as a result of alleged conduct during the Delaware action does not mean that they did not all

4  arise from the same transaction.  The Delaware action was instituted to address the problems

5  that had arisen between the parties regarding a specific business transaction.  As such, any

6  alleged settlement of that case relates directly to the business transaction which was at the

7  center of the dispute.

8      Finally, res judicata applies in this matter because the Delaware judgment was a final

9  determination of the merits of that case.[3]  The  Delaware order stated that "[f]inal judgment on

10  the merits is entered in favor of the plaintiffs on all of their claims and all of the defendants'

11  affirmative defenses and counterclaims, and against the defendants on all of the plaintiffs'

12  claims and all of the defendants' affirmative defenses and counterclaims."  (Notice of Filing

13  Exemplified Copy of Foreign Judgment (#44)).  A default judgment is "considered to be a

14  determination on the merits for purposes of res judicata."  Howard v. Lewis, 905 F.2d 1318,

15  1323 (9th Cir. 1990).

16      Thus, based on the foregoing, the doctrine of res judicata bars the claims asserted in

17  this case against the Longs.  As such, this case is dismissed based on the preclusive effect

18  of that court's final order and judgment.

19  **III.  CONCLUSION**

20      Based on the foregoing, IT IS ORDERED that Defendants' Motion to Dismiss First

21  Amended Complaint as to All Plaintiffs and All Causes of Action (#30) is GRANTED.

22      DATED: This 12th day of May, 2008.

23

24  _____

25  United States District Judge

26

27  _____

[3] On May 9, 2008, the Longs filed with the Court a Supplemental Brief to Notify the Court of
28  Facts that Have Arisen Since Submission of Defendants' Motion to Dismiss First Amended Complaint
(#52).  Included in the supplemental brief were two court orders from the Second Judicial District Court
of the State of Nevada recognizing and enforcing the final judgment of the Delaware Chancery Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28